**No. 24-10396**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

KIRILL VESSELOV, MIKHAIL VESSELOV, and HAVEN HEALTH
MANAGEMENT, LLC,

Plaintiffs-Appellants,

v.

LAIRD HARRISON and MEDSCAPE LLC,

Defendants-Appellees.

Appeal from the United States District Court for the Southern District of Florida

No. 9:23-cv-80791-DMM

---

**APPELLEES' UNOPPOSED MOTION TO TRANSFER CONSIDERATION
OF ATTORNEY'S FEES ON APPEAL TO THE DISTRICT COURT**

---

Mark D. Taticchi (PA #323436)
FAEGRE DRINKER
  BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
mark.taticchi@faegredrinker.com

Traci T. McKee (FL #53088)
Emanuel L. McMiller (FL #1025242)
FAEGRE DRINKER
  BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com
manny.mcmiller@faegredrinker.com

*Attorneys for Appellees Laird Harrison and Medscape LLC*

**No. 24-10396**
*Kirill Vesselov, et al., v. Laird Harrison, et al.*

### <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 through 26.1-3 and 27-1(a)(10), Appellees hereby disclose all interested persons (last name, first name) and entities (including all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of a party's stock, and other identifiable legal entities related to a party) in alphabetical order as follows:

1.  Branch, Elizabeth L. (United States Circuit Judge)

2.  Burshteyn, Simona (Attorney for Appellants)

3.  Dreyfuss, Andre (Attorney for Appellants)

4.  Faegre Drinker Biddle & Reath LLP (Law Firm for Appellees)

5.  Harrison, Laird (Appellee)

6.  Haven Health Management LLC (Appellant)

7.  Hirzel Dreyfuss & Dempsey, PLLC (Law Firm for Appellants)

8.  Hirzel IV, Leon Francisco (Attorney for Appellants)

9.  Matthewman, William (United States Magistrate Judge)

10. McKee, Traci T. (Attorney for Appellees)

**No. 24-10396**
*Kirill Vesselov, et al., v. Laird Harrison, et al.*

11. McMiller, Emanuel L. (Attorney for Appellees)

12. Medscape LLC (Appellee)

13. Middlebrooks, Donald M. (United States District Judge)

14. Pryor, Jill A. (United States Circuit Judge)

15. Rosenbaum, Robin S. (United States Circuit Judge)

16. Taticchi, Mark D. (Attorney for Appellees)

17. United Central Service Company, Inc. (Sole Member of Appellant Haven Health Management LLC)

18. Vesselov, Kirill (Appellant)

19. Vesselov, Mikhail (Appellant)

20. WebMD Health Corp. (Sole Member and Parent Corporation of Appellee Medscape LLC)

21. Wilhelm, Zoë K. (Attorney for Appellees)

Pursuant to 11th Cir. R. 26.1-3(b), Appellees certify that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

C-2 of 2

## APPELLEES' UNOPPOSED MOTION TO TRANSFER CONSIDERATION OF ATTORNEY'S FEES ON APPEAL TO THE DISTRICT COURT

Pursuant to 11th Cir. R. 39-2(d), Appellees Medscape LLC and Laird Harrison (together, the "Media Defendants") respectfully request that this Court transfer consideration of Appellees' entitlement to attorney's fees on appeal pursuant to Fla. Stat. § 768.295, and any amount upon a finding of entitlement, to the District Court from which this appeal was taken. In support of this Motion, the Media Defendants state as follows:

1. On March 10, 2023, Appellants originally filed suit in the Circuit Court of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 2023-CA-002219. *See* Docket Entry ("D.E.") 1; D.E. 1-1.[1]

2. On May 18, 2023, the Media Defendants properly removed the case to the U.S. District Court for the Southern District of Florida, West Palm Beach Division. D.E. 1.

3. On June 8, 2023, the Media Defendants moved to dismiss Appellants' initial complaint. D.E. 11. In their motion, the Media Defendants also requested an award of fees and costs pursuant to Florida's anti-SLAPP statute. *Id*.

4. Florida's anti-SLAPP statute prohibits a person from filing a lawsuit that is "without merit and primarily because [the defendant] has exercised the

---

[1] Record citations to "D.E." refer to the docket number of filings made as part of the underlying District Court action.

1

constitutional right of free speech in connection with a public issue[.]" *See* Fla. Stat. 768.295(3). "Free speech in connection with public issues" means "any written or oral statement that is protected under applicable law and … is made in or in connection with a … news report, or other similar work." *See id.* § 768.295(2)(a). The statute provides that "[t]he court *shall award* the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section."

5. On June 29, 2023, Appellants filed their First Amended Complaint, rather than oppose that motion. D.E. 15.

6. Both the initial and the amended complaints asserted defamation claims against the Media Defendants based on a news article written by Mr. Harrison and published by Medscape, LLC. D.E. 1-1, 15.

7. On July 27, 2023, the Media Defendants renewed their motion to dismiss and reiterated their request for an award of fees and costs pursuant to Florida's anti-SLAPP statute. D.E. 21.

8. On August 21, 2023, Appellants responded to the Media Defendants' motion to dismiss. D.E. 33. In that response, however, Appellants did not respond or in any way address the Media Defendants' entitlement to attorney's fees and costs under Florida's anti-SLAPP statute. *See* D.E. 35 at 11.

9. On January 4, 2024, the District Court dismissed the First Amended Complaint with prejudice. D.E. 35. In its order, the District Court found that Appellants' claims were "without merit" and "arose out of protected First Amendment activity—publishing an article on a public litigation proceeding." *Id*. at 11. The District Court also granted the Media Defendants' "request for attorneys' fees and costs pursuant to Florida's anti-SLAPP statute" and ordered the Media Defendants to file a supplemental memorandum on the expenses incurred by January 15, 2024. *Id.*

10. On January 9, 2024, the Media Defendants filed an unopposed motion for extension of time to file their supplemental memorandum, in part, so that they could continue to confer in good faith with Appellants regarding the amount of the fee award the Media Defendants would seek. D.E. 36. On January 10, 2024, the District Court granted the Media Defendants' motion, extending the deadline to January 19, 2024. D.E. 37.

11. On January 18, 2024, the parties filed a Joint Motion to Stay Proceedings pending resolution of Appellants' anticipated appeal. D.E. 38.

12. On January 23, 2024, the District Court granted that motion, vacating all deadlines regarding the supplemental memorandum and ordering the parties to file a status update with the District Court no later than ten days after the issuance of the appellate mandate. D.E. 39.

13.    On February 1, 2024, Appellants filed their Notice of Appeal to this Court. D.E. 40. In that appeal, Appellants did not challenge the District Court's finding that Appellants' claims were "without merit" or its grant of the Media Defendants' "request for attorneys' fees and costs pursuant to Florida's anti-SLAPP statute." *See* ECF 15 at 12 (listing the issues on appeal, none of which challenge the District Court's application of the anti-SLAPP statute).[2]

14.    On October 9, 2024, this Court issued its opinion affirming the District Court's judgment in favor of the Media Defendants. ECF 25-1.

15.    On October 30, 2024, Appellants filed their Petition for Panel Rehearing. ECF 29.

16.    On December 6, 2024, this Court issued its order denying Appellants' Petition for Panel Rehearing. ECF 31-2.

17.    The Media Defendants intend to seek their attorney's fees and costs incurred in responding to and defending against Appellants' defamation claims before the District Court, as authorized by Florida's anti-SLAPP statute.

18.    The Media Defendants also intend to seek their attorney's fees and costs incurred in litigating this appeal, as also authorized by Florida's anti-SLAPP statute.

19.    Pursuant to 11th Cir. R. 39-2(d):

---

[2] Record citations to "ECF" refer to the docket number of filings made as part of this appeal.

4

"Any party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken."

20.    The Media Defendants' deadline to file an application for attorney's fees with this Court is Friday, December 20, 2024. *See* 11th Cir. R. 39-2(a) and (d).

21.    Because the Media Defendants' forthcoming request for their attorney's fees on appeal rests on the same statutory framework as their pending request for fees incurred during the District Court litigation, judicial economy favors having a single tribunal consider the parallel issues and arguments that will arise from both applications.

22.    The Media Defendants therefore respectfully submit that consideration of its forthcoming request for attorney's fees incurred during this appeal be transferred to, and decided by, the District Court.

23.    On December 11, 2024, pursuant to 11th Cir. R. 27-1(a)(5), counsel for the Media Defendants reached out to counsel for Appellants who represented that Appellants do not object to the relief requested in this motion. Because counsel for the Media Defendants does not object, this motion is filed as unopposed.

WHEREFORE, the Media Defendants respectfully request that this Court enter an order transferring consideration of the Media Defendants' entitlement to attorney's fees on appeal pursuant to Fla. Stat. § 768.295, and any amount upon a

5

finding of entitlement, to the District Court, and awarding any further relief that this

Court deems appropriate.

Dated: December 16, 2024          Respectfully Submitted,

*/s/ Traci T. McKee*

Traci T. McKee (FL #53088)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
traci.mckee@faegredrinker.com

Mark D. Taticchi (PA #323436)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
mark.taticchi@faegredrinker.com

Emanuel L. McMiller (FL #1025242)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel: (317) 237-0300
Fax: (317) 237-1000
manny.mcmiller@faegredrinker.com

*Attorneys for Appellees Laird Harrison and
Medscape LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

This Motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because this Motion contains no more than 5,200 words, with the word count totaling 1,803 words as per the word processing system.

This Motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font in the Times type style.

/s/ *Traci T. McKee*
Traci T. McKee

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Traci T. McKee*
Traci T. McKee